UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 3:16CR073** |
| **Plaintiff,** | : | **JUDGE THOMAS M. ROSE** |
| vs. | : | |
| **DEONTAY LAVERN SATTERWHITE (1)** **GUY WHITE (2)** **WILLIAM CLARENCE ETCHISON (4)** | : : | **[PROPOSED] PROTECTIVE ORDER** |
| **Defendants.** | : | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court hereby grants the Motion of the United States for entry of a Protective Order, prescribing the manner in which Defendants' **DEONTAY LAVERN SATTERWHITE, GUY WHITE** and **WILLIAM CLARENCE ETCHISON**, and their counsel should handle certain materials – namely, undercover recorded telephone calls and/or undercover body wire recordings dated September 4, 2014, November 12, 2015, November 18, 2015, November 23, 2015, December 3, 2015, December 23, 2015, January 15, 2016, February 19, 2016 and February 23, 2016 (collectively, "the Discovery Materials")[1] – as follows:

1. Defendants' counsel and **Mr. Satterwhite, Mr. White and Mr. Etchison** will not disclose the said information directly or indirectly to any third person except: attorneys and investigators who are assisting in **Mr. Spencer and Mr. Etchison's** defense; United States citizens who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals"). Upon disclosing said information contained in the Discovery Materials to an Authorized Individual, Defendants' counsel and **Mr. Satterwhite, Mr. White and Mr. Etchison**

---

[1] When producing these Discovery Materials to **Mr. Satterwhite, Mr. White and Mr. Etchison** and their counsel, the United States will clearly mark them as subject to the Protective Order.

must provide that Authorized Individual with a copy of the Court's Protective Order and advise that Authorized Individual that he or she will be subject to the same obligations as imposed upon Defendants' counsel, **Mr. Satterwhite, Mr. White and Mr. Etchison** by the Protective Order.

2. Defendants' counsel shall not copy or reproduce the Discovery Materials unless copied or reproduced for the express use by Authorized Individual(s) who may be assisting in the defense, and in that event, the copies or reproductions should be treated in the same manner as the original Discovery Materials. Defendants' counsel shall maintain a log of any and all copies or reproductions made of the Discovery Materials and to whom they were distributed.

3. Although Defendants' counsel may permit **Mr. Satterwhite, Mr. White and Mr. Etchison** to review the Discovery Materials at their respective law office (or in a pre-trial detention facility under defense counsel's personal observation and supervision), **Mr. Satterwhite, Mr. White and Mr. Etchison** may not remove from said office: the Discovery Materials; or copies or reproductions of the Discovery Materials, regardless of format, including, but not limited, personal notes reflecting content of the Discovery Materials.

4. Defendants' counsel, **Mr. Satterwhite, Mr. White and Mr. Etchison** are only authorized to use the Discovery Materials solely in the defense of this case and for no other purpose.

5. At the conclusion of this case, Defendants' counsel shall return all the Discovery Materials and copies or reproductions thereof forthwith to the United States Attorney's Office.

6. Defendants' counsel shall inform **Mr. Satterwhite, Mr. White and Mr. Etchison** of these prescriptions placed on the Discovery Materials, and ensure that he does not to disclose or use any information contained in the Discovery Materials in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the

Court for further relief or for modification of any provision hereof.

 5/25/17             **&ast;s/Thomas M. Rose**
DATE               JUDGE THOMAS M. ROSE
                  UNITED STATES DISTRICT COURT JUDGE